## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |
|---|---|
| ATLANTICARE REGIONAL MEDICAL CENTER, et al., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | )    Case No. 1:08-CV-872 (GK) |
| MICHAEL O. LEAVITT, in his official capacity as the Secretary of the United States Department of Health and Human Services, | ) ) ) ) ) ) |
| Defendant. | ) ) |

_____)

## OBJECTION TO RELATED CASE DESIGNATION

### INTRODUCTION

Under Local Civil Rule 40.5, this case is not related to Anna Jacques v. Leavitt, 05-CV-625 (D.D.C.) (GK), and so should be transferred to the Calendar and Case Management Committee for random reassignment.  Plaintiffs contend that this case is related to Anna Jacques under Local Civil Rule 40.5 because the cases involve common issues of fact.  See Notice of Designation of Related Civil Cases Pending in this or Any Other United States Court, May 21, 2008 ("Notice of Designation") (attached to Complaint, May 21, 2008 ["Compl."], 08-CV-872, Doc. No. 1 ); Local Civil Rule 40.5 (noting that civil cases are deemed related if they "involve common issues of fact").  Plaintiffs' contention misses the mark.  Both cases raise the question of whether the Department of Health and Human Services ("HHS") has violated the Administrative Procedure Act ("APA") in calculating the amount of money to be paid to hospitals to reimburse

them for the wage-related costs that they incurred for caring for certain Medicare patients. Compare Compl. with Anna Jacques, 05-CV-625, Memorandum Opinion, Feb. 27, 2008, Doc. No. 34, at 1, 7-8, 10-11. But because these are both APA cases, the agency's action in each is reviewed on the basis of a single administrative record. As such, there are no issues of fact at all in these cases, much less common ones. See LCvR 40.5; James Madison Ltd. by Hecht v. Ludwig, 82 F.3d 1085, 1096 (D.C. Cir. 1996). Rather, to the extent the cases are similar, they are legally similar (in that they challenge the same or similar policy choices regarding the calculation of reimbursements), not factually similar. Rule 40.5, however, requires that cases share common "issues of fact," not law, to be designated as related. See Keepseagle v. Glickman, 194 F.R.D. 1, 3 (D.D.C. 2000). Finally, in light of both the lack of factual commonality and the fact that Court has entered final judgment in Anna Jacques, treating these cases as related would create the appearance of judge shopping that the random-assignment rule is designed to avoid. In view of all the relevant circumstances, then, this case should be transferred to the Calendar and Case Management Committee for random reassignment.

## **PROCEDURAL HISTORY**

Plaintiffs filed their suit on May 21, 2008. See Compl. They challenge the method used by HHS in fiscal year 2005 to calculate the payment made by Medicare to certain New Jersey hospitals to reimburse them for labor-related costs that they incurred in caring for some Medicare patients. See id. ¶ 1. Specifically, they assail the formulation of the "rural wage index." Id.

A wage index reflects the ratio of the average wages paid by hospitals in a defined geographic area to the national average wage for hospitals. 42 U.S.C. § 1395ww(d)(3)(E). Through the consideration of these indices, the reimbursements paid by HHS reflect area wage

differences. As its name implies, the "rural wage index" is the ratio of area-to-national average wages for the hospital(s) in a state's rural area; each state has at most one rural area, Medicare Program; Changes to the Hospital Inpatient Prospective Payment Systems and Fiscal Year 2005 Rates, 69 Fed. Reg. 48,916, 49,026 (Aug. 11, 2004). A state's rural wage index also serves as a floor below which that state's metropolitan indices may not fall. Balanced Budget Act of 1997, Pub. L. No. 105-33, § 4410, 111 Stat. 251, 402. A statute governs the calculation of a rural wage index when a state has a rural hospital. See 42 U.S.C. § 1395ww(d)(3)(E). But if a state has no rural area, as is the case with New Jersey, or no hospitals in that area, then HHS deems the state an "all-urban" state and imputes a rural wage index for that state in order to comply with a regulation, not a statute. 42 C.F.R. §§ 412.64(h)(4), (h)(5). The regulation-based rural wage index also acts as a floor. § 412.64(h)(4). The regulation sets out a formula that includes as a factor, for calculating the imputed rural wage index for any given all-urban state, data from all of the other "all-urban" states. Id.

In determining the rural wage index for New Jersey, HHS concluded that Massachusetts was an all-urban state, but that Washington, D.C. was not. See id. ¶¶ 42, 44; 69 Fed. Reg. 49524-25. Plaintiffs allege in their complaint that HHS's taxonomy was exactly backward (i.e., that Massachusetts was not all-urban, but Washington D.C. was), see id. ¶¶ 1, 42, 48, and they challenge this taxonomy through four APA claims. See id. ¶¶ 49-63. Two claims challenge the respective inclusion and exclusion of Massachusetts and Washington, D.C. as being contrary to law, and two challenge the same as being arbitrary and capricious. See id. With respect to the inclusion of Massachusetts, plaintiffs' claims rely on this Court's opinion in Anna Jacques. See id. ¶ 43. In Anna Jacques, this Court held that HHS improperly excluded from its determination

3

of the rural wage index for Massachusetts data from the one hospital in a rural area during the year that wage data was collected.  See Anna Jacques, 05-CV-625, Memorandum Opinion, Feb. 27, 2008, Doc. No. 34, at 1.  Thus, plaintiffs allege that Massachusetts was not an all-urban state because it had a rural hospital (according to Anna Jacques), and its data should not have been included in the formula for imputing a rural wage index for New Jersey, an all-urban state.  See id. ¶¶ 42-43.  Because this Court's holding in Anna Jacques figures into plaintiffs' theory of this case, they contend that these cases involve common issues of fact and so are related.  See Notice of Designation.

## ARGUMENT

Rule 40.5 governs the determination of whether cases are related for purposes of the assignment of a judge.  LCvR 40.5(c).  It states, in relevant part, that civil cases are related when the "[e]arlier [case] is still pending on the merits in the District Court and they * * * involve common issues of fact."  LCvR 40.5(a)(3).  The party who claims that cases are related bears the burden of making that demonstration.  Dale v. Executive Office of the President, 121 F. Supp. 2d 35, 37 (D.D.C. 2000).  Rule 40.5 is an exception to the random-assignment rule that normally governs judicial assignments.  Tripp v. Executive Office of the President, 196 F.R.D. 201, 202 (D.D.C. 2000) (decision of district court calendar committee on appeal from the decision of a single district court judge).  The random-assignment rule is designed to prevent the appearance of favoritism, ensure the fair distribution of cases, and limit the opportunities for judge shopping. Id.  The exception embodied in Rule 40.5 rests on the notion that it would be a waste of time and resources for two judges to be handling cases that "are so related that they involve common factual issues."  Id.  That two cases present similar issues of law, however, does not suffice for

4

them to be deemed related; the cases must involve common issues of fact.  See LCvR 40.5(a)(3);

Keepseagle, 194 F.R.D. at 3; In re Tobacco/Governmental Health Care Costs Litigation, 76 F.

Supp. 2d 5, 9 n.5 (D.D.C. 1999) ("It is the factual, not the legal, similarities that * * * this

Court's Rules identify as controlling on the question of transfer or consolidation.  See * * *LCvR

40.5(a)(3).").

　　　　Under Local Civil Rule 40.5, this case is not related to Anna Jacques.  Plaintiffs allege

that these cases are related because they involve common "issues of fact."  See Notice of

Designation.  Truth be told, neither of these cases involves any issue of fact.  An "issue of fact" is

"[a] point supported by one party's evidence and controverted by another's."  Black's Law

Dictionary 849 (8th ed. 2004).  But in this case, the "evidence" for both party's will be the same:

this is an APA case in which HHS's actions will be reviewed on the basis of an administrative

record.  Compl. ¶¶ 49-63 (raising four APA claims); Florida Power & Light Co. v. Lorion, 470

U.S. 729, 743-44 (1985) (explaining that the actions of agencies in APA cases normally should

be reviewed based on the administrative record).  As the record is the same for both sides, there

will be no factual disputes for the Court to settle.  See James Madison Ltd. by Hecht v. Ludwig,

82 F.3d 1085, 1096 (D.C. Cir. 1996) ("Generally speaking, district courts reviewing agency

action under the APA's arbitrary and capricious standard do not resolve factual issues, but

operate instead as appellate courts resolving legal questions.").  Just so with Anna Jacques.  Anna

Jacques, 05-CV-625, Memorandum Opinion, Feb. 27, 2008, Doc. No. 34.  As Anna Jacques and

this case do not involve any "issues of fact," they cannot involve common issues of fact.  Thus,

they cannot be related under Rule 40.5.  See LCvR 40.5(a)(3); Keepseagle, 194 F.R.D. at 3; In re

Tobacco/Governmental Health Care Costs Litigation, 76 F. Supp. 2d at 9 n.5.

Instead of untangling factual disputes, the Court will be resolving purely legal questions about whether HHS properly calculated the rural wage index for New Jersey or whether, as plaintiffs' claim, HHS's action was contrary to law or was arbitrary and capricious. See Compl. ¶¶ 49-63 (contending that HHS's actions were contrary to law and arbitrary and capricious); Cement Kiln Recycling Coalition v. EPA, 493 F.2d 207, 215 (D.C. Cir. 2007) ("It is well-established that claims that an agency's action is arbitrary and capricious or contrary to law present purely legal issues.") (quotation marks and citations omitted from parenthetical); Harris v. FAA, 353 F.3d 1006, 1012 (D.C. Cir. 2004) ("[T]he question of whether an agency decision is arbitrary and capricious is a purely legal question.") (citation and quotations omitted from parenthetical).  And while Anna Jacques involves a related legal issue regarding the proper methodology for calculating the rural wage index for Massachusetts, Anna Jacques, 05-CV-625, Memorandum Opinion, Feb. 27, 2008, Doc. No. 34, at 7-8, 10-11, that similarity does not suffice under Rule 40.5 to justify designating the cases as being related.  See LCvR 40.5.  Cases must involve common issues of fact, not law, to be deemed related.  See LCvR 40.5(a)(3); Keepseagle, 194 F.R.D. at 3; In re Tobacco/Governmental Health Care Costs Litigation, 76 F. Supp. 2d at 9 n.5.  Here there are only common issues of law, *not fact*.

Finally, the appearance of judge shopping ordinarily created by designating cases as being related is magnified with respect to this case.  Why?  Besides the lack of factual similarity between the cases, the Court has entered final judgment in Anna Jacques.[1]  A court's decision of

---

[1] Normally, the fact that a court had entered final judgment in a case would foreclose a plaintiff from using that case as an anchor for a related case designation, because Rule 40.5 requires that the earlier case "still be pending on the merits in District Court."  LCvR 40.5(a)(3). In Anna Jacques, though, defendant filed a motion for reconsideration.  See Anna Jacques, 05-CV-625, Motion to Reconsider Decision and Amend Judgment Pursuant to Rule 59(e), March

a legal issue in a final judgment conveys a relatively certain message about how a similar issue

will be resolved in any related case. Thus, designating this case as being related after such a

message has been sent could create the appearance that the resolution of at least one issue in this

case is a *fait accompli* even before briefing on that issue has occurred. Random judicial

assignment would avoid this problem.

## CONCLUSION

The Court should transfer this case to the Calendar and Case Management Committee for

random reassignment. Under Local Rule 40.5, this case is not related to <u>Anna Jacques</u>. The

cases do not involve common issues of fact as required by the rule. And in view of this lack of

factual similarity, and the procedural posture of <u>Anna Jacques</u>, designating these cases as related

would create a strong appearance of judge shopping. Random judicial assignment is appropriate.


Dated: July 28, 2008                                Respectfully submitted,

                                                    GREGORY G. KATSAS
                                                    Assistant Attorney General

                                                    JEFFREY A. TAYLOR
                                                    United States Attorney

                                                    SHEILA M. LIEBER,
                                                    Deputy Director,
                                                    Federal Programs Branch

---

12, 2008, Doc. No. 35. In spite of the entry of final judgment, then, <u>Anna Jacques</u> remained
pending on the merits at the time this case was filed. But the Court recently denied defendant's
motion for reconsideration in <u>Anna Jacques</u>. <u>Anna Jacques</u>, 05-CV-62, Memorandum Order,
July 15, 2008, Doc. No. 42. Thus, <u>Anna Jacques </u>is no longer pending on the merits in the district
court, <u>see</u> <u>Doe v. Von Eschenbach</u>, 2007 WL 1655881, at *1-2 (D.D.C. June 7, 2007), and under
Rule 40.5(a)(3), the Court should transfer this case to the Calendar and Case Management
Committee for random reassignment.

s/ Justin M. Sandberg
JUSTIN M. SANDBERG
(Ill. Bar. No. 6278377)
Trial Attorney, Federal Programs Branch
Civil Division
U.S. Department of Justice
P.O. Box 883
Washington, D.C. 20044
(202) 514-3489 (telephone)
(202) 616-8202 (facsimile)

Counsel for Defendant