UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ATLANTICARE REGIONAL MEDICAL CENTER, et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**MICHAEL O. LEAVITT, in his official capacity as SECRETARY OF THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,**<br><br>**Defendant.** | **Case No. 1:08-cv-872 (GK)** |

PLAINTIFFS' OBJECTION TO DEFENDANT'S REQUEST
FOR RANDOM REASSIGNMENT

Plaintiffs object to Defendant's request that this action be transferred to the Calendar and Case Management Committee for random reassignment and, in support of their objection, submit the following:

1. Pursuant to Local Rule 40.5(a)(3), a new proceeding is deemed to be related to a pending proceeding if the two cases "involve common issues of fact."

2. The instant proceeding was filed on May 21, 2008. As of that date, the case of *Anna Jacques Hospital v. Leavitt*, 537 F. Supp. 2d 24 (D.D.C. 2008)("Anna Jacques Action"), was pending before this Court. Plaintiffs designated the instant case as related to the Anna Jacques Action pursuant to Local Rule 40.5(a)(3). Both cases involve a challenge to the Medicare program's computation of the Imputed Rural Floor Wage Index based on its erroneous determination that Massachusetts was an "all-urban" state,

which in turn was based on the Secretary's improper exclusion of 2001 wage data from Nantucket Cottage Hospital in calculating the FY 2005 Massachusetts wage index.

3. The Anna Jacques Action and the instant case involve common facts within the meaning of Local Rule 40.5(a)(3). In the Anna Jacques Action,

> Massachusetts was one state that did not show a substantial decrease in its wage index as a result of the Secretary's change in calculating the wage index. Nantucket Cottage Hospital was the only subsection (d) hospital located in a rural area in Massachusetts in 2001 – the survey year used in determining the Fiscal Year 2005 wage index. In 2002, the very next year, Nantucket Cottage Hospital converted to CAH status. As the only hospital in a rural area in Massachusetts, Nantucket Cottage Hospital would therefore have set the wage index floor for hospitals throughout the state at 1.2919 under the Secretary's previous policy. (citation omitted)
>
> However, under the Secretary's new policy, the wage data for Nantucket Cottage Hospital was removed from the final wage index calculated for Massachusetts. Because of this change, Massachusetts no longer had any subsection (d) hospitals in rural areas. Instead, the Secretary chose to impute a rural wage index for Massachusetts, as he did for several other states which were also considered entirely urban.
>
> As a result, the Secretary imputed a lower rural wage floor for Massachusetts of 1.0438, which then served as the wage index floor for all hospitals in the state.

*Anna Jacques,* 537 F. Supp. 2d at 28. Those same facts are central to the allegations in the instant proceeding. *See* Complaint ¶¶ 39-42.[1]

4. Defendant contends that because the Anna Jacques Action and this action both assert claims under the Administrative Procedures Act, the cases involve a question of law and, therefore, purportedly cannot involve facts. Although a claim under the APA ultimately involves a question of law, it is a gross oversimplification to assert that APA

---

[1] Consequently, this case is distinguishable from Defendant's cited cases, in which courts concluded that there was a lack of common factual issues. *See Dale v. Executive Office of President*, 121 F. Supp. 2d 35, 37 (D.D.C. 2000) (cases not related where they involved different categories of political appointees); *Tripp v. Executive Office of President*, 196 F.R.D. 201, 202 (D.D.C. 2000) (class action involving pattern of abuse of privacy rights not related to individual claim involving single violation of privacy rights at a different point in time); *Keepseagle v. Glickman*, 194 F.R.D. 1, 3 (D.D.C. 2000) (case involving discrimination against Native Americans not related to case involving discrimination against African Americans).

claims are devoid of factual issues. There are predicate facts associated with APA claims. *See U.S. Air Tour Ass'n v. Federal Aviation Admin.*, 353 U.S. App. D.C. 213, 298 F.3d 997, 1005 (D.C. Cir. 2002) (in APA judicial review, "the question for the court is whether the agency has considered the relevant favors and articulated a 'rational connection between the facts found and the choice made'"), *quoting Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962); *see also Anna Jacques*, 537 F. Supp. 2d at 34.[2] This Court has indicated that actions arising under the APA may be treated as related cases if the criteria of Local Rule 40.5(a)(3) are satisfied. *St. Pierre v. Norton*, 498 F. Supp. 2d 214, 218 n. 3 (D.D.C. 2007) (Kessler).

5. In the Anna Jacques Action, the Court discussed the "facts" of that case. *Anna Jacques*, 537 F. Supp. 2d at 25 & n. 1. Indeed, in the Anna Jacques Action, the Defendant -- responding to plaintiffs' summary judgment motion -- noted numerous facts in the case. *See* Defendant's Counterstatement of Material Facts To Which There Is No Genuine Dispute (copy attached as Exhibit 1).[3] Defendant acknowledged that the Anna Jacques Action involved factual issues and the same necessarily holds true in this action. Contrary to Defendant's assertion, the Anna Jacques Action and this action do involve common facts.

6. The related-case policy "rests primarily on considerations of judicial economy. It will often prove wasteful of time and resources for two judges to be

---

[2] Even the authority cited by Defendant supports this principle. *James Madison Ltd. v. Ludwig*, 317 U.S. App. D.C. 281, 82 F.3d 1085, 1096 (D.C. Cir. 1996) ("District courts may, however, need to resolve factual issues regarding the process the agency used in reaching its decision").

[3] Plaintiffs do not contend that there are disputes of fact in this case, nor must this action and the Anna Jacques Action share common disputed facts in order to support the related-case designation. Unlike a summary judgment motion, which does turn on whether facts are in dispute, the related-case designation under Local Rule 40.5(a)(3) simply requires common issues of fact. Defendant does not cite any case to support its suggestion that Local Rule 40.5(a)(3) requires two cases to share common "disputed" facts in order to be "related," and Petitioners have found no such authority.

handling cases that are so related that they involve common factual issues or grow out of the same event or transaction." *Tripp v. Executive Office of President*, 196 F.R.D. 201, 202 (D.D.C. 2000). The Anna Jacques Action involves a complex set of facts regarding the calculation of Medicare reimbursement to hospitals with which this Court is already familiar. The interest of judicial economy underlying the related-case policy would be best served if the instant case remained assigned to this Court, given that those same facts underlie Plaintiffs' claims here.

7.  The related-case designation is determined as of the time "the complaint is filed" in the more recent proceeding. *See* Local Rule 40.5(c)(1).

8.  At the time Plaintiffs filed their complaint on May 21, 2008, the Anna Jacques litigation was pending on the merits before this Court based upon Defendant's motion for reconsideration regarding the Court's decision to award summary judgment to the plaintiffs in that litigation.

9.  The fact that the Court later denied Defendant's motion for reconsideration and, therefore, the Anna Jacques litigation is no longer pending before this Court cannot undo the related-case designation that properly applied when the instant proceeding commenced. If a proceeding could lose its related-case status whenever the prior-related case was no longer pending, the newer case could be reassigned at any stage, even if a particular judge had managed the case for years and the case was near a conclusion. Such a result would be inconsistent with the judicial economy that the related-case policy is designed to achieve.[4]

---

[4] Defendant's cite to *Doe v. Von Eschenbach*, 2007 WL 1655881 (D.D.C. June 7, 2007) is distinguishable. In *Von Eschenbach*, the court ruled that the earlier case was no longer pending because the only issue remaining in the earlier case was a dispute over attorneys' fees. Here, there was no final decision on the merits in the Anna Jacques Action due to Defendant's motion for reconsideration.

WHEREFORE, Defendant's request to have this case transferred for random reassignment should be denied.

Dated: August 6, 2008

                                           Respectfully submitted,

                                           _____/s/_____

                                           James P. Holloway (DC Bar # 415173)
OBER, KALER, GRIMES & SHRIVER
A PROFESSIONAL CORPORATION
1401 H Street, N.W., Fifth Floor
Washington, D.C. 20005-3324
202-408-8400
202-408-0640 (facsimile)

Carel T. Hedlund (DC Bar # 384066)
Thomas W. Coons (DC Bar # 935353)
OBER, KALER, GRIMES & SHRIVER
A PROFESSIONAL CORPORATION
120 East Baltimore Street
Baltimore, Maryland 21202-1643
410-685-1120
410-547-0699 (facsimile)

Attorneys for Plaintiff Hospitals

**CERTIFICATE OF SERVICE**

      I certify that on this 6th day of August 2008 I caused the foregoing document to be served upon counsel for Defendant through the Court's electronic case management system and by U.S. mail, postage prepaid, addressed to:

    Justin M. Sandberg
    U.S. Department of Justice
    Civil Division
    P.O. Box 883
    Washington, DC  20044


                                                   /s/
                                     James P. Holloway

#153969

# **EXHIBIT 1**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANNA JAQUES HOSPITAL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| MICHAEL O. LEAVITT, in his official capacity as ) | Civil Action No. 1:05cv00625 |
| SECRETARY OF THE UNITED STATES ) | |
| DEPARTMENT OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S COUNTERSTATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Local Rule 7.1(h), Defendant Michael O. Leavitt, by and through undersigned counsel, submits this statement of undisputed facts and responds to Plaintiffs' Statement of Material Facts as to Which There Is No Genuine Issue.[1]

1. Immaterial but not in dispute.

2. Dispute. The amount of payment a hospital receives is calculated by a formula that includes several different components, including a component that adjusts for differences in hospitals' labor costs. 42 U.S.C. § 1395ww(d)(3)(E)(i).

3. Immaterial but not in dispute.

4. Not in dispute. The Secretary's calculation of the wage index is pursuant to its authority under 42 U.S.C. § 1395ww(d). Section 1395ww(d)(3)(E) provides that

---

[1] The numbered paragraphs correspond to the paragraphs in Plaintiffs' Statement of Material Facts as to Which There Is No Genuine Issue.

the Secretary shall update the index "on the basis of a survey conducted by the Secretary (and updated as appropriate) of the wages and wage-related costs of subsection (d) hospitals in the United States." 42 U.S.C. § 1395ww(d)(3)(E).

5. Dispute. The area wage index is intended to adjust for labor cost differences.

6. Not in dispute.

7. Not in dispute except the wage data used in the Secretary's surveys are taken from costs reports that hospitals file at the end of each Fiscal Year.

8. Not in dispute.

9. Not in dispute.

10. Dispute. The Secretary calculates the average hourly wage for all hospitals in an area and then compares that average to the national average to calculate the wage index. The wage index is used to standardize for variations in hospital wage levels and to adjust for average area wage levels. A wage index greater than 1.0 indicates that the hospital is located in an area where the wages are higher than the national average, and an index less than 1.0 indicates that the hospital is located in an area where the wages are below that national average. 48 Fed. Reg. 39,752, 39,765 (Sept. 1, 1983).

11. Immaterial but not in dispute.

12. Dispute. In FY 2004, the Secretary proposed continuing to include data from hospitals that subsequently became critical access hospitals ("CAHs") in the wage index calculation but solicited comments during the notice-and-comment period on the proposed FY 2004 wage index on the proposal to exclude such data. 68

Fed. Reg. 27,187, 27,190 (May 19, 2003). The Secretary had not previously considered whether to exclude the wage data of converted CAHs.

13. Dispute. CAHs are excluded from the definition of "hospital" under the Medicare statute. 42 U.S.C. § 1395x(e). CAHs are limited to only 25 acute care beds and tend to be located in isolated, rural areas. 68 Fed. Reg. 27,190.

14. Not in dispute. CAHs are not reimbursed under the PPS but instead are paid 101% of their reasonable costs. 42 U.S.C. § 1395m(g)(1).

15. Immaterial but not in dispute.

16. Not in dispute. In the Final Rule for FY 2004, the Secretary excluded the data of facilities that were subsection (d) hospitals in the survey year but converted to CAH status before FY 2004. The Secretary set forth his reasons for excluding the wage data for converted CAHs in the *Federal Register*. 68 Fed. Reg. 45,346, 45,397-98 (Aug. 1, 2003).

17. Dispute Plaintiffs' characterizations. The Administrative Record sets forth a true and accurate statement of the Secretary's analysis. A.R. at 160-67.

18. Dispute Plaintiffs' characterizations. The Administrative Record sets forth a true and accurate statement of the Secretary's analysis. A.R. at 160-67.

19. Dispute Plaintiffs' characterizations. The Administrative Record sets forth a true and accurate statement of the Secretary's analysis. A.R. at 160-67.

20. Not in dispute. The Secretary did not reconsider his decision in FY 2004 to exclude the data of hospitals that subsequently converted to CAH status from the wage index. The rationale for that decision was set forth in the Final Rule for the

FY 2004 wage index. 68 Fed. Reg. 45,346, 45,397-98 (Aug. 1, 2003).

21. Immaterial but not in dispute.

22. Not in dispute.

23. Not in dispute except that Nantucket Cottage Hospital is the only hospital in the FY 2005 rural area of Massachusetts.

24. Dispute. The Secretary did not calculate a rural wage index for Massachusetts for FY 2005. 69 Fed. Reg. 48,916, 49,110, 49,524 (Aug. 11, 2004).

25. Not in dispute. In FY 2005, Nantucket Cottage Hospital was not classified as a "hospital" under the Medicare statute. The Secretary imputed a rural wage index for Massachusetts because it had no hospitals classified as "rural." 69 Fed. Reg. 49,110. The Secretary decided to treat states with no rural hospitals as all urban. The Massachusetts Hospitals Associations requested that a rural floor be imputed for Massachusetts. A.R. at 329.

26. Not in dispute.

27. Dispute. The Secretary did not calculate a rural wage index for Massachusetts for FY 2005 because there were no rural hospitals in Massachusetts. 69 Fed. Reg. 48,916, 49,110, 49,524 (Aug. 11, 2004). Plaintiffs' preferred methodology for calculating the imputed rural index for Massachusetts is not relevant to this Court's determination of whether the Secretary's calculation of the FY 2005 wage index was outside his statutory authority or arbitrary and capricious.

28. Immaterial but not in dispute.

29. Immaterial but not in dispute.

4

30. Not in dispute. In support of their request, Plaintiffs alleged that there were no factual issues in dispute with respect to their appeal. PRRB A.R. at 18.

31. Not in dispute. The PRRB's decision was based in part upon the finding that there were no findings of fact for resolution before the Board. PRRB A.R. at 1.

32. Immaterial. Plaintiffs' misleading analysis is outside the Administrative Record and therefore is not relevant to this Court's determination.

Defendant denies any other factual assertions set forth in Plaintiffs' Statement of Material Facts as to Which There Is No Genuine Issue not expressly admitted herein.


Dated: November 18, 2005

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

SHEILA M. LIEBER
Deputy Director
U.S. Department of Justice, Civil Division
Federal Programs Branch

OF COUNSEL:

PAULA M. STANNARD
Acting General Counsel

THOMAS R. BARKER
Deputy General Counsel

KATHLEEN H. MCGUAN
Associate General Counsel

MARK D. POLSTON

/s/_____
JACQUELINE E. COLEMAN
D.C. Bar No. 459548
BRIAN G. KENNEDY
D.C. Bar No. 228726
Trial Attorney
U.S. Department of Justice, Civil Division
Federal Programs Branch
Mailing Address:
P.O. Box 883
Washington, DC 20044
Delivery Address:

Deputy Associate General Counsel

DAVID L. HOSKINS
Attorney
Department of Health and Human Services

20 Massachusetts Ave., N.W., Rm. 7214
Washington, DC 20001
Tel.: (202) 514-3418
Fax: (202) 616-8470
Email: Jacqueline.Coleman@usdoj.gov

**Attorneys for Defendant**