**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ATLANTICARE REGIONAL MEDICAL CENTER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL O. LEAVITT, in his official capacity as the Secretary of the United States Department of Health and Human Services, <br><br> Defendant. | Case No. 1:08-CV-872 (GK) |

**REPLY IN SUPPORT OF OBJECTION TO RELATED CASE DESIGNATION**

**INTRODUCTION**

In his opening memorandum, the Secretary demonstrated that, under Local Civil Rule 40.5, this case is not related to Anna Jacques v. Leavitt, 05-CV-625 (D.D.C.) (GK), because the cases do not share "common issues of fact" as required by the rule, see LCvR 40.5(a)(3). Objection to Related Case Designation, July 28, 2008 ("Objection"), Doc. No. 9, at 6.  Plaintiffs agree that their case must share "common issues of fact to be related."  Plaintiffs' Objection to Defendant's Request for Random Reassignment, Aug. 6, 2008 ("Response"), Doc. No. 13, at 2.  But they contend that (i) there need only be common facts, not common disputes of fact, in order for cases to share "common issues of fact," and (ii) these cases involve common facts.  Response at 2-3.  Plaintiffs misunderstand the meaning of the phrase "issue of fact."  An "issue of fact" is "a point supported by one party's evidence and controverted by another's."  Black's Law

1

Dictionary 849 (8th ed. 2004). Thus, given that an "issue of fact" is a dispute of fact, and that plaintiffs "do not contend that there are disputes of fact in this case," Response at 3 n.3, this case and <u>Anna Jacques</u> cannot possibly share "common issues of fact." Accordingly, the Court should transfer this case to the Calendar and Case Management Committee for random reassignment.

## ARGUMENT

This case is not related to <u>Anna Jacques</u>. Local Rule 40.5 governs the determination of whether cases are related for purposes of the assignment of a judge. LCvR 40.5(c). It states, in relevant part, that civil cases are related when the "[e]arlier [case] is still pending on the merits in the District Court and they * * * involve common issues of fact."[1] LCvR 40.5(a)(3). And as explained earlier, an "issue of fact" is "a point supported by one party's evidence and controverted by another's." Black's Law Dictionary 849 (8th ed. 2004). In <u>Anna Jacques</u> and this case, the parties in each case rely on the same evidence, the administrative record for each case, see <u>Florida Power & Light Co. v. Lorion</u>, 470 U.S. 729, 743-44 (1985), and neither set of

---

[1] As <u>Anna Jacques</u> is not still pending on the merits in the district court, the Court should reject plaintiffs' designation of these cases as being related. In their response, plaintiffs cite Local Rule 40.5 as support for the proposition that "[t]he related case designation is determined as of the time 'the complaint is filed' in the more recent proceeding." Response at 4. The rule does not support this proposition. The rule indicates merely that the plaintiff must make the related case designation at the time of the filing of the later-filed complaint; it does not say whether the Court is to base its determination of whether cases are related on the state of the world at the time the designation is filed or at the time the court makes its decision on relatedness. In fact, it makes more sense to do the latter. For one thing, there may be a public perception that the outcome of a case has been unfairly predetermined if a Court designates a more recently filed case as being related to an earlier filed case even though the Court had already disposed of the earlier filed case by the time it made its decision on relatedness. Importantly, the Secretary does not contend that "a proceeding could lose its related-case status whenever the prior-related case was no longer pending." <u>Id.</u> Rather, the Secretary contends simply that the Court should make its decision based on the state of world at the time that it determines whether the cases are related, rather than on the state of play at the time of the related case designation.

2

plaintiffs has challenged the composition of the administrative record in its case. Thus, these cases do not involve *any* issues of fact, much less "common issues of fact."[2] Rather, these cases apparently involve common issues of law, namely, whether the Secretary properly calculated the rural wage index for Massachusetts, or whether his actions were contrary to law or arbitrary and capricious. See Objection at 6; Cement Kiln Recycling Coalition v. EPA, 493 F.2d 207, 215 (D.C. Cir. 2007) ("It is well-established that claims that an agency's action is arbitrary and capricious or contrary to law present purely legal issues.") (quotation marks and citations omitted from parenthetical). Legal similarity, however, does not suffice under Rule 40.5 to justify designating the cases as being related. See LCvR 40.5. Cases must involve common issues of fact, not law, to be deemed related. See Keepseagle v. Glickman, 194 F.R.D. 1, 3 (D.D.C. 2000).

Plaintiffs' response runs four full pages, but it boils down to the following proposition: These cases involve common facts and, thus, are related. See Response at 3 ("The Anna Jacques Action and the instant case involve common facts within the meaning of Local Rule 40.5(a)(3)."). Plaintiffs "do not contend that there are disputes of fact in this case," but they insist that a related case designation "does [not] turn on whether facts are in dispute." Response at 3 n.3. Indeed, plaintiffs contend that these cases are related because they involve a "complex

---

[2] Contrary to plaintiffs' characterization, the Secretary does not contend that Administrative Procedure Act ("APA") cases can never be related based on the existence of common issues of fact. Response at 2-3. Rather, the Secretary's position is that cases must involve common issues of fact to be related and that these cases, like the vast majority of APA cases, James Madison Ltd. by Hecht v. Ludwig, 82 F.3d 1085, 1096 (D.C. Cir. 1996) ("Generally speaking, district courts reviewing agency action under the APA's arbitrary and capricious standard do not resolve factual issues, but operate instead as appellate courts resolving legal questions."), do not involve any issues of fact.

set of facts regarding the calculation of Medicare reimbursement to hospitals with which this Court is already familiar." Id. at 4.

Plaintiffs misinterpret the meaning of the phrase "issue of fact" and, by extension, the standard for designating cases as being related. When the meaning of a rule is unambiguous, that meaning controls. See BedRoc Ltd., LLC v. United States, 541 U.S. 176, 183 (2004) ("Thus, our inquiry begins with the statutory text, and ends there as well if the text is unambiguous."). The meaning of the phrase "issue of fact" is unambiguous. It refers to a "a point supported by one party's evidence and controverted by another's." Black's Law Dictionary 849 (8th ed. 2004). Plaintiffs ignore this plain meaning and insist, without citation, that the phrase "issue of fact" means simply "fact." Response at 3 n.3. Plaintiffs' mistaken interpretation stems from a fundamental interpretive flaw: They fail to give meaning to all of the words of the local rule. See Bank of America Nat'l Trust and Savings Ass'n v. 203 N. LaSalle St. P'ship, 526 U.S. 434, 452 (1999) (explaining that there is an "interpretive obligation to try to give meaning" to every word of a statute). Plaintiffs read the word "issue" out of the rule, treating the provision as if it said that cases should be designated as related if they simply share "common facts." But of course the word "issue" is there, and it cannot be ignored. Plaintiffs' interpretation is untenable, and their argument fails.

What is more, the textually-dictated interpretation makes practical sense. One can understand how the savings in resources engendered by eliminating the need for two judges to resolve the same issues of fact could overcome the presumption in favor of random judicial assignment. See Doe v. Von Eschenbach, 2007 WL 1655881, at *1-2 (D.D.C. June 7, 2007) ("In some cases, however, the interests of judicial economy served by the related case rule * * *

outweigh the fundamental interest served by the random assignment rule."). But it is difficult to comprehend how some similarity in background facts that are not in dispute would justify deviating from the presumption. Should the same judge handle two different wrongful death actions because they happened at the same intersection even if nothing about the physical location of the accident is at issue in either case? Of course not. There is no substantial efficiency gain that would justify upending the well-grounded presumption in favor of random judicial assignment in those circumstances. See Tripp v. Executive Office of the President, 196 F.R.D. 201, 202 (D.D.C. 2000) (explaining that the random-assignment rule is designed to prevent the appearance of favoritism, ensure the fair distribution of cases, and limit the opportunities for judge shopping). Just so here. The Court should not designate these cases as being related simply because certain undisputed background facts are the same.

## CONCLUSION

Under Local Rule 40.5, this case is not related to Anna Jacques. The cases do not involve "common issues of fact" as required by the rule. Accordingly, the Court should transfer this case to the Calendar and Case Management Committee for random reassignment.


Dated: August 18, 2008                                Respectfully submitted,

                                                      GREGORY G. KATSAS
                                                      Assistant Attorney General

                                                      JEFFREY A. TAYLOR
                                                      United States Attorney

                                                      SHEILA M. LIEBER,
                                                      Deputy Director,
                                                      Federal Programs Branch

                    s/ Justin M. Sandberg
                    JUSTIN M. SANDBERG
                    (Ill. Bar. No. 6278377)
                    Trial Attorney, Federal Programs Branch
                    Civil Division
                    U.S. Department of Justice
                    P.O. Box 883
                    Washington, D.C. 20044
                    (202) 514-3489 (telephone)
                    (202) 616-8202 (facsimile)

                    Counsel for Defendant